# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSHUA KASZUBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-1339 |
| | ) | |
| CORLEY et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Pontiac Correctional Center, pursues claims for violations of the Eighth Amendment's prohibition against cruel and unusual punishment related to his incarceration at the facility. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"

Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

## ALLEGATIONS

Plaintiff alleges that a correctional officer used excessive force against him during a cell re-assignment while two other correctional officers failed to intervene and stop the use of force. Plaintiff alleges injuries to his face, head, arm, and body. Plaintiff alleges he was denied medical treatment immediately following the incident, and for several days thereafter by multiple prison officials.

## ANALYSIS

Plaintiff alleges violations of the Eighth Amendment's prohibition against cruel and unusual punishment for excessive force, failure to intervene, and deliberate indifference to a serious medical need. In Eighth Amendment claims for excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citation omitted); see DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000) (applying Hudson). In making this determination, the court may examine several factors, "including the need for an

application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." Dewalt, 224 F.3d at 619.  Significant injury is not required, but "a claim ordinarily cannot be predicated on a *de minimis* use of physical force."  Id. at 620 (citing Hudson, 503 U.S. at 9-10). "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights."  Id.

Plaintiff alleges that he was compliant with the commands given to him by defendants Corley, Mathis, and Riccolo while being escorted to a different cell.  While in the cell, Plaintiff alleges defendant Corley intentionally caused a laceration to Plaintiff's arms during handcuffing.  When Plaintiff requested that either defendants Mathis or Riccolo secure his handcuffs, defendant Corley shoved Plaintiff to the ground.  Plaintiff alleges that defendant Corley then climbed on top of Plaintiff and began striking him with his elbows and knees in the head and face.  In addition, Plaintiff alleges that defendant Corley attempted to break Plaintiff's arm through the hole in the cell door.  Plaintiff alleges he suffered

bruises, a busted lip, a severe headache and body pain lasting for approximately one week following the incident.  The Court finds that Plaintiff has stated a claim for excessive force against defendant Corley.

Plaintiff does not allege that defendants Mathis and Riccolo used excessive force against him.  Nonetheless, each may be held liable under § 1983 if they had "a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but failed to do so. . . ."  Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000).  To succeed, the plaintiff must show that a "substantial risk of serious harm" existed and that the defendant subjectively disregarded that risk.  Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994).  Plaintiff alleges that he pleaded for help from defendants Mathis and Riccolo while defendant Corley was engaged in the above acts.  Plaintiff alleges that, despite his pleas for help, defendants Mathis and Riccolo did nothing.  Accordingly, the Court cannot rule out a constitutional claim for failure to intervene against defendants Mathis and Riccolo.

Plaintiff alleges that he was subsequently denied medical care for his injuries.  For claims involving medical care, prison officials

must act with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97,104 (1976). Deliberate indifference means "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Plaintiff alleges that he began requesting medical care for his injuries immediately following the above-described incident, and continued doing so for a period of seven (7) days thereafter. Plaintiff alleges he made in-person requests to defendants Pfister, DeLong, French, Zook, Loverant, Moss, Angus, Duckworth, Jessica, and Kennedy, often making requests to those individuals on multiple, consecutive days. Each time, Plaintiff alleges he was denied medical care. From these facts, along with Plaintiff's allegations of his injuries, the Court cannot rule out a constitutional violation for deliberate indifference to a serious medical need against defendants Pfister, DeLong, French, Zook, Loverant, Moss, Angus, Duckworth, Jessica, and Kennedy.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: Eighth Amendment claims for excessive force, failure to intervene, and deliberate indifference to a serious medical need. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Plaintiff's Motions for Status [6] and Motion for Status Hearing [7] are denied as moot.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the

entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:     December 16, 2014.

FOR THE COURT:

　　　　　　　　　　*s/Sue E. Myerscough*
　　　　　　　　　SUE E. MYERSCOUGH
　　　　　　　UNITED STATES DISTRICT JUDGE