E-FILED
Monday, 14 December, 2015  11:36:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSHUA KASZUBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-1339 |
| | ) | |
| C/O CORLEY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at
Pontiac Correctional Center, brought the present lawsuit pursuant
to 42 U.S.C. § 1983 alleging Eighth Amendment claims for excessive
force, failure to intervene, and deliberate indifference to a serious
medical need.  The matter comes before this Court for ruling on the
Defendants' respective motions for summary judgment for failure to
exhaust administrative remedies.  (Docs. 25, 27).  These motions
are denied.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows
that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff filed a grievance dated August 7, 2013.  (Doc. 1-1 at 20-25).  In addition to several other issues, the grievance describes the events from July 15, 2013 alleged in Plaintiff's Complaint. According to notations on the grievance, Plaintiff's counselor, Defendant Kennedy, received Plaintiff's grievance on September 3, 2013, and she responded to it on September 4, 2013.

Defendant Pfister, the Warden at Pontiac, responded to the grievance on September 26, 2013, though only to designate the grievance as a non-emergency.  On October 25, 2013, the grievance officer at Pontiac denied Plaintiff's grievance on the grounds that it was not timely under the requirements of the Illinois Administrative Code.  (Doc. 1-1 at1).  The Administrative Review Board received Plaintiff's appeal on November 8, 2013, and denied Plaintiff's grievance for the same reason on December 5, 2013.  Plaintiff filed this lawsuit on August 27, 2014.

## ANALYSIS

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants.  Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013).  The Court must hold an evidentiary hearing if a disputed issue of material fact exists, see Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law.  Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or any other
> Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative
> remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013).  The purpose of this requirement is to "alert the state to the problem and invite corrective action." Turley, 729 F.3d at 649 (internal citations omitted).  The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).  In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." Id.; see Dole, 438 F.3d at 809 (quoting same).  "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." Maddox v. Love, 655 F.3d 709, 721 (7th Cir. 2011) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)).

The Illinois Administrative Code establishes the grievance procedures for Illinois Department of Corrections inmates. Inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison.  20 ILL. ADMIN. CODE § 504.810(a).  The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." Id. § 504.810(a).  A grievance officer, however, shall consider a grievance filed outside of the 60-day time period if the inmate "can demonstrate that a grievance was not timely filed for good cause...." Id.  A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer ("CAO"), who notifies the inmate of his decision. Id. § 504.830(d).  An inmate may appeal the CAO's decision to the Director of the Illinois Department of Corrections, but must do so within 30 days of the decision.  Id. § 504.850(a). Once an appeal is received, the Administrative Review Board reviews the appeal and provides the Director with a written report of its findings and recommendations.  Id. § 504.850(e).

An offender may request that a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO.

Id. § 504.840.  If the CAO determines that a "substantial risk of imminent personal injury or other serious harm to the offender" exists, then the grievance must be handled on an emergency basis. Id. § 504.840(a).  If so designated, the grievance process is expedited and the CAO must respond to the officer, indicating the action taken or which shall be taken.  Id. § 504.840(b).

The parties do not dispute that Plaintiff properly initiated the grievance process by attempting to resolve the issues informally with Defendant Kennedy, his correctional counselor.  Instead, Defendants argue that Plaintiff failed to submit his grievance to the grievance officer within the 60-day time frame established by § 504.810(a) of the Illinois Administrative Code.  According to the documentation, the alleged incident occurred on July 15, 2013, and the grievance officer did not receive Plaintiff's grievance until October 25, 2013.  Plaintiff did not exhaust his administrative remedies pursuant to the Illinois Administrative Code because the grievance officer did not receive Plaintiff's grievance until after the 60-day deadline had expired.

Plaintiff argues the grievance process was made unavailable. "If administrative remedies are not 'available' to an inmate, then the

inmate cannot be required to exhaust." <u>Kaba v. Stepp</u>, 458 F.3d 678, 684 (7th Cir. 2006).  "Availability" does not mean that the remedy exists on paper, but whether the process was open to the prisoner in reality.  <u>Id.</u>  Stated differently, administrative remedies become unavailable when, though a grievance system is in place, prison officials effectively prevent a prisoner from availing himself of it.  <u>See id.</u> (remedies have been found to be unavailable when prison officials fail to provide grievance forms, erroneously tell an inmate he must wait for an investigation to conclude, fail to respond to a properly filed grievance, or engage in affirmative misconduct (citations omitted)).  If a prisoner did all he could do to avail himself of the process, and the failure to exhaust was through no fault of his own, it cannot be said that the prisoner failed to exhaust his available remedies.  <u>Dole</u>, 438 F.3d at 811.

Defendants Moss and Duckworth respond that the process was not made unavailable because Plaintiff "convoluted" the process himself by checking the "emergency grievance" box.  Even so, the grievance in question also contains two handwritten and clearly legible notations from Plaintiff:  (1) "Not on hunger strike nor do I wish this a [sic] emergency;" and, (2) "I wish to process this in a

normal fashion." Defendant Kennedy apparently obliged and processed the grievance as a non-emergency by responding to the grievance and returning it to Plaintiff, rather than forwarding it to the CAO.

The Defendants have not pointed to any provision within the Illinois Administrative Code that describes the proper procedure for inmates to follow if an inmate makes a clerical error. Where the rulebook is silent, a prisoner cannot be expected to do more than what the rules require. Dole, 438 F.3d at 809-810. In other words, Plaintiff cannot be required to complete a new grievance form if he mistakenly checks the wrong box where no administrative rule requires him to do so. In light of Defendant Kennedy's actions, the Defendants cannot now claim that Plaintiff failed to exhaust because he checked the "emergency" box and a prison official handling the grievance after Defendant Kennedy thought it should be addressed otherwise.

Defendants have also failed to establish that Plaintiff's failure to exhaust was his own fault, and not due to the actions of prison officials. The 60-day deadline imposed by § 504.810(a) to send the grievance to the grievance officer was set to expire on September 15,

2013, given the alleged incident date of July 15, 2013.  Plaintiff

states he sent the grievance via institutional mail on September 8,

2013.  Plaintiff provides a proof of service as evidence of such in his

Complaint and responses to the Defendants' respective motions for

summary judgment.  <u>See</u> (Docs. 1-1 at 3; 32-1 at 7; 37-1 at 7).  The

Defendants have not provided any evidence to dispute Plaintiff's

proof of service or his claim that the relevant grievance was mailed

within the 60-day deadline, despite the fact that the proof of service

has been part of the record since the inception of this lawsuit.

Moreover, the parties do not disclose the normal delivery time

for institutional mail within Pontiac.  In the absence of such

evidence, the Court must draw the inference in Plaintiff's favor and

find that seven (7) days was sufficient time to deliver Plaintiff's

grievance, but that prison officials failed to do so.  In addition,

Defendants fail to dispute Plaintiff's contention that his

correspondence, unlike that of other inmates, is often delayed

because prison officials route his mail through a specific

department before delivering it to the intended recipients.

Regardless of why Plaintiff's mail receives this special treatment,

any delay cannot be attributed to Plaintiff.  Therefore, the Court

finds that the Defendants have not established that no genuine issue of material fact exists.  Accordingly, the Defendants' respective motions for summary judgment are denied.

**IT IS THEREFORE ORDERED:**

   **1) Defendants' respective Motions for Summary Judgment [25][27] are DENIED.**

   **2) Defendants' Motion to Stay Discovery [28][35] are DENIED as moot.**

   **3) Defendants' Motion to Substitute Counsel [41] is GRANTED.  Clerk is directed to remove James M. Gale as attorney of record for defendants Angus, Chicke, Corley, DeLong, French, Kennedy, Lovrant, Mathis, Pfister, Riccolo, and Zook.**

ENTERED:     December 11, 2015.

FOR THE COURT:


               *s/Sue E. Myerscough*
               _____
               SUE E. MYERSCOUGH
           UNITED STATES DISTRICT JUDGE