E-FILED
Tuesday, 27 June, 2017 03:29:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSHUA KASZUBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-1339 |
| | ) | |
| ADRIAN CORLEY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMARY JUDGMENT OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging excessive force, failure to intervene, and deliberate indifference to a serious medical need. The matter comes before this Court for ruling on Plaintiff's Motion for Summary Judgment. (Doc. 63). The motion is denied.

**PRELIMINARY MATTER**

Plaintiff filed a Motion to Correct a Technical Glitch and Motion to Grant Plaintiff's Motion for Summary Judgment. (Doc. 67). Plaintiff alleges in his motion that a technical glitch unduly

benefited the Defendants by allowing them additional time to file a response to his motion for summary judgment.

The Court granted Plaintiff leave to file a motion for summary judgment in its Order entered August 8, 2016. (Doc. 62). For reasons the Court cannot determine, Plaintiff's motion for summary judgment was not docketed until December 5, 2016. Once docketed, Defendants had 21 days to file a response. Defendants filed a timely motion for an extension of time that was later granted. See Text Order entered January 6, 2017.

Any delay that may have occurred in this case is not attributable to any actions Defendants took. For this reason, and for those discussed below, Plaintiff's motion is denied.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a

genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff was incarcerated at Pontiac Correctional Center ("Pontiac").  Defendants were employed at Pontiac in the following capacities: Defendant Pfister was the Warden; Defendant DeLong was a correctional major; Defendants French and Zook were correctional lieutenants; Defendants Corley, Mathis, Riccolo, and Loverant were correctional officers; Defendant Angus was a mental health professional; and, Defendant Chicke was a medical technician.  Outside of this, the parties agree on very little.

In support of his motion for summary judgment, Plaintiff points to several documents: (1) a Crisis Watch Record that states that Plaintiff was placed on suicide watch on July 15, 2013 after he

was seen on video attempting to tie a noose around his neck and stated that he had "nothing to live for" (Doc. 65 at 12); (2) medical records disclose that Defendant Angus approved a stripped cell after Plaintiff tried to cover his cell window with a smock, and that Defendant Chicke checked Plaintiff's vital signs the same day (Doc. 65 at 13-14); (3) the Cumulative Counseling Summary indicates that Defendant Pfister saw Plaintiff during a Warden's tour and that Plaintiff made no requests (Doc. 65 at 15); and, (4) a Mental Health Progress Note discloses that, on July 17, 2013, Plaintiff complained of "injuries that occurred during watch placement."

Plaintiff includes an affidavit from another inmate that states the inmate heard Plaintiff "begging the C/O to stop hitting him and to allow the other C/O to cuff him up." (Doc. 65 at 18). Finally, Plaintiff submitted a photograph of his arm that apparently shows his injuries. (Doc. 65 at 17). Defendants have not moved for summary judgment.

## ANALYSIS

### Excessive Force

In Eighth Amendment claims for excessive force, the relevant inquiry is "whether force was applied in a good faith effort to

maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citation omitted); see DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000) (applying Hudson). In making this determination, the court may examine several factors, "including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." Dewalt, 224 F.3d at 619. Significant injury is not required, but "a claim ordinarily cannot be predicated on a de minimis use of physical force." Id. at 620 (citing Hudson, 503 U.S. at 9-10). "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights." Id.

According to the allegations in Plaintiff's Complaint and his motion, at least three correctional officers were present at the time Defendant Corley allegedly used unconstitutional force. The affidavit Plaintiff provided from the other inmate corroborates Plaintiff's version of events insofar as Plaintiff alleged that he asked for a different correctional officer to apply the handcuffs, but it

remains silent on which of the three correctional officers used the force. Plaintiff says it was Defendant Corley, but Defendant Corley denies this. Resolution of this issue will require a credibility finding the Court cannot make at this stage. Therefore, the Court finds that a genuine issue of material fact exists on Plaintiff's claim of excessive force.

## Failure to Protect/Intervene

Prison officials may be held liable under the Eighth Amendment if they had "a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail[ed] to do so. . . ." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). A plaintiff must necessarily show an underlying constitutional violation to prevail on a claim of bystander liability. Harper v. Albert, 400 F.3d 1052, 1064 (7th Cir. 2005).

As material factual disputes exist regarding the alleged use of excessive force, the Court cannot find that Plaintiff is entitled to judgment as a matter of law on his failure to intervene claim.

**Deliberate Indifference to a Serious Medical Need**

Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. Id. at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. McDonald v. Hardy, 821 F.3d 882, 888 (7th Cir. 2016) (citing Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014), and Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)). Rather, liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff has not provided sufficient evidence to show that he suffered from an objectively serious medical need. See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)). Construed in the light most favorable to Defendants, Plaintiff's photograph shows only that he suffered a bruise on his arm as a result of the alleged incidents. This is not sufficient. See, e.g., Roberts v. Samardvich, 909 F. Supp. 594, 606 (N.D. Ind. 1995) (one-inch laceration was not a "serious medical need" absent evidence that the wound was life-threatening or posed a risk of needless pain or lingering disability, and where laceration bled only for a short time and was treated with hydrogen peroxide and a bandage).

Plaintiff may show deliberate indifference through circumstantial evidence. See Farmer, 511 U.S. at 842 (subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."). Plaintiff, however, has not described any facts that would permit such an inference. Therefore, the Court concludes that a reasonable juror could conclude that the Defendants did not violate Plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Correct Technical Glitch [67] is DENIED.**

2) **Plaintiff's Motion for Summary Judgment [63] is DENIED.**

3) **A final pretrial conference is scheduled for    December 8, 2017 at 10 a.m.   .  The Plaintiff shall appear by video conference and the attorney(s) shall appear in person before the court sitting in Springfield, Illinois. The clerk is to issue a writ for the Plaintiff's participation in the video conference.**

4) **The Court will send out proposed jury instructions and intends to ask the standard voir dire questions published on the Court's website (http://www.ilcd.uscourts.gov/court-info/local-rules-and-orders/judge_orders_rules). By      December 1, 2017     , the parties shall file: 1) an agreed proposed pretrial order; 2) alternate or additional jury instructions (no duplicates); 3) motions in limine; and, (4) additional voir dire questions (not duplicative of the Court's).  All proposed instructions shall be clearly marked, identifying the party, the number, and whether the instruction is additional or alternate (i.e., Pl.'s 1, additional; Pl.'s 2, alternate to Court's 3).**

5) **The Plaintiff and Defendants shall appear in person at trial.  Incarcerated individuals who are not parties to this case shall appear by video conference and other nonparty witnesses may appear by video at the court's discretion. Therefore, the proposed pretrial order must include: (1) the name, inmate number and place of incarceration for each inmate to be called as a witness; (2) the names and addresses of any nonparty witnesses for whom a party seeks a trial subpoena.  The party seeking the subpoena must provide the necessary witness and mileage fees pursuant to Federal Rule of Civil Procedure 45.**

6) **A jury trial is scheduled for  January 9-11, 2018  at 9:00 a.m. at the U.S. Courthouse in Springfield, Illinois. No writs to issue at this time.**

7) **Pursuant to Local Rule 16.1(B), this case is referred to Magistrate Judge Schanzle-Haskins for a settlement conference.  Judge Schanzle-Haskins' chambers will contact the parties to schedule the conference.  Clerk is directed to notify Judge Schanzle-Haskins' chambers of this referral.**

ENTERED:     June 26, 2017.

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE